IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CR. No.: 1:06cr149-WKW |
| ) | |
| TIMOTHY ALGERNON JOHNSON ) | |

## MOTION TO SUPPRESS SEARCH

**COMES NOW** the defendant, Timothy A. Johnson, by and through undersigned counsel, and files his Motion to Suppress physical evidence found during the search of 508 Victoria Drive, Enterprise, Alabama 36330.

### Facts

On January 27, 2006, Lt. Corey Mason of the Enterprise Police Department sought and obtained a search warrant for 508 Victoria Drive, Enterprise, Alabama 36330 (the residence) from Alabama State Judge B. Paul Sherling. Exhibit 1. In the affidavit in support of the search warrant, Officer Kendall states that it his belief that cocaine could be located at the residence because,

> "[w]ithin the past twenty fours a confidential reliable informant, who has provided information in the past that has led to the recovery of narcotics and drug offenders was at 508 Victoria Drive, Enterprise, Alabama and observed cocaine. The informant has purchased cocaine and marijuana from that location several times in the past from the individuals listed in this affidavit {Kelsey Moore, Santa Moore and Althea Moore}. Sgt. Byron Caylor also received information within the last three weeks that large amounts of illegal drugs were being kept at this

1

residence."

The affidavit does not state that the confidential informant's (CI) purchase was made at the direction of law enforcement, that it was a "controlled buy/purchase", that the purchase was audio/video taped (or monitored in any way), on exactly what previous dates and from exactly who the CI had previously purchased narcotics from at the residence, the veracity or reliability of the purported corroborating information (i.e. Sgt. Caylor), or that the CI actually went into the residence. Additionally, the CI does not provide a description of the residence. Nevertheless, a search warrant was issued.

Because the affidavit in support of the search warrant does not set forth probable cause for the search of the residence and there is no *Leon* "good faith" exception to the officer's reliance on the warrant, the search was illegal and must be suppressed.

## Discussion

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. CONST., Amend IV. As a social visitor to 508 Victoria Drive, Enterprise, Alabama (the residence), Mr. Johnson had an expectation of privacy in the residence. *See Minnesota v. Carter,* 119 S.Ct. 469 (1998). Accordingly, he has standing to challenge the search of his mother's residence. *Id.*

In order for the search and seizure of the residence to be Constitutional, there must be probable cause for the search. *Illinois v. Gates*, 462 U.S. 213 (1983). Specifically, given the totality of the circumstances, **on its face**, the warrant must demonstrate there is a fair probability that contraband or other evidence of a crime would be found in the residence. *Illinois v. Gates*, 462 U.S. 213 (1983). When the probable cause for the search warrant is based upon information provided by

a CI, the credibility of the CI and the veracity and reliability of the information provided is critical to a determination of probable cause. *Id*; *United States v. Foree,* 43 F.3d 1572. Therefore, the search warrant application must set forth the basis of the informant's knowledge and a recitation of the informant's reliability. *See Foree,* 43 F.3d at 1575-1576*; United States v. Brundidge*, 170 F.3d 1350 (11th Cir. 1999). If no such verification of the reliability is present in the warrant application, the court may look to the details given by the CI and contained within the affidavit to determine the CI's veracity. *Foree,* 43 F.3d at 1576. If relevant, material and sufficient detail are provided by the CI, even without sufficient information regarding the CI's reliability, probable cause may still be found. *Id.*

In this case, Lt. Mason states the CI at issue has proven reliable in the past and information from the CI has led to the recovery of narcotics and drug offenders . No other information is given. This form of cursory verification of veracity of the CI is not sufficient. Additionally, the affidavit does not assert when the CI has previously led to the recovery of narcotics and drug offenders. Without any clear time reference, it is not possible to discern how recently the CI has proven reliable. As a result, there is no reliable and clear statement regarding the reliability of the CI.

Additionally, there is not relevant, material and sufficiently detailed information contained within the affidavit (from the CI) demonstrating the reliability of the alleged criminal activity at the residence. The warrant is issued simply because a supposedly reliable informant states he bought drugs from persons at the residence. The CI does not describe any of the person(s) at the residence, the CI does not describe the residence, nor does the CI detail the time of the alleged drug purchase

and drug observation.[1]

Additionally, the warrant does not state that the CI's purchase was made at the direction of law enforcement, that it was a "controlled buy/purchase", that the purchase was audio/video taped (or monitored in any way), or that any of the recent information given by the CI was corroborated. The only alleged corroboration is what appears to be stale, unsupported/anonymous hearsay information provided three weeks earlier to a Sgt. Caylor.

In summary, it is possible this reliable informant bought the cocaine from anyone and from anywhere. The only evidence supporting probable cause to believe the CI bought the cocaine from someone at the residence is the CI's representation. However, the CI's credibility can not be ascertained from the face of the warrant. These are not sufficient circumstances to support a finding of probable cause. Additionally, the experienced officers are the ones who provided this insufficient evidence to the judge for the search warrant. Therefore, they knew or should have known there was not a sufficient cause or a "good faith basis" for the search. *United States v. Leon*, 468 U.S. 897 (1984).

WHEREFORE, the defendant prays that this Honorable Court conduct an evidentiary hearing to review the facts and circumstances surrounding the search of 508 Victoria Drive, Enterprise, Alabama 36330 on January 26, 2006, and after conducting such hearing, issue an Order granting this motion and suppressing all evidence found during the search of the residence.

---

[1] The warrant does describe the residence and directions to the residence. However, this information is provided by Officer Kendall, **not** the CI.

Dated this 17th day of August 2006.

                    Respectfully submitted,

                    s/ Kevin L. Butler
                    KEVIN L. BUTLER
                    First Assistant Federal Defender
                    201 Monroe Street, Suite 407
                    Montgomery, Alabama 36104
                    Phone: (334) 834-2099
                    Fax: (334) 834-0353
                    E-mail: kevin_butler@fd.org
                    AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) CR. No.: 1:06cr149-WKW |
| | ) |
| TIMOTHY ALGERNON JOHNSON | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Clark Morris, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138