IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:06-cr-149-WKW |
| | ) | |
| TIMOTHY ALGERNON JOHNSON | ) | |

**RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files its response to the Motion to Suppress filed by Defendant, Timothy Algernon Johnson, as follows:

**I.   FACTS:**

On January 27, 2006, Lt. Corey Mason with the Enterprise Police Department applied for and received a warrant to search the residence located at 508 Victoria Drive, Enterprise, Alabama. The search warrant affidavit stated in relevant part that:

> Within the past twenty fours (sic) a confidential reliable informant, who has provided information in the past that has led to the recovery of narcotics and the arrest of drug offenders, was at 508 Victoria Drive, Enterprise, Coffee County, AL and observed cocaine. The informant has purchased cocaine and marihuana from that location several times in the past from the individuals listed in this affidavit. Sgt. Byron Caylor also received information within the past three weeks that large amounts of illegal drugs were being kept at this residence. (See Attachment A)

Upon review of the search warrant affidavit, Coffee County District Judge B. Paul Sherling found that the affidavit established probable cause and signed a warrant to search 508 Victoria Drive, Enterprise, Alabama. Upon execution of the search warrant,

1

Agents found Althea Moore and her six sleeping children. Agents further found a handgun in the front room inside a television cabinet, 731.6 grams of cocaine powder and 142.0 grams of marijuana under one of the children's beds.  When the children learned what was found under their bed, they started screaming that the drugs were Timothy Johnson's and that Johnson put the drugs under their bed.  A social worker from the Department of Human Resources arrived at the residence and interviewed the twelve year old daughter.  The twelve year old explained that Johnson lives at the residence.  She further stated that, while she didn't see Johnson place the drugs under the bed, Johnson told her not to ever look under the bed.

## II.    DISCUSSION

### A.    Search Warrant Affidavit Established Probable Cause

Defendant asserts that the affidavit supporting the search warrant did not contain the requisite probable cause.  Specifically, defendant contends that because the affidavit did not detail whether the confidential informant's marijuana and cocaine purchases were made at the direction of law enforcement, were audio/video taped, were on a specific date or were made from a specific person, the affidavit is devoid of probable cause.  (See Doc. 25, p. 2)  The defendant further alleges that because the confidential informant did not provide a description of the residence, the search warrant should not have been issued.  (See Doc. 25, p. 2) Such arguments are meritless.  The issue before the Court is not whether there could be more facts in the search warrant affidavit, but whether there are enough facts in the affidavit to establish probable cause. In *United States v. Martin*, 297 F.3d 1308 (11th Cir. 2002), Martin argued that the

affidavit underlying the search warrant was "bare-boned" and contained "nothing more than conclusory allegations." *Id.* at 1313. The Eleventh Circuit borrowed from the Ninth Circuit in quoting that, "It is critical to a showing of probable cause that the affidavit state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched." *Id.*; *quoting, United States v. Hove*, 848 F.2d 137, 140 (9th Cir. 1988). Thus, an affidavit must contain "sufficient information to conclude that a fair probability existed that seizable evidence would be found in the place sought to be searched." *Id.; quoting, United States v. Pigrum*, 922 F.2d 249, 252-53 (5th Cir. 1991).

In the instant case, the affidavit states that the confidential informant saw cocaine at 508 Victoria Drive, Enterprise, Alabama in the last twenty four hours. (See Attachment A) Further, the confidential informant was shown reliable based on previous information that the informant provided to law enforcement. Specifically, the informant gave information that lead to the recovery of narcotics and the arrests of people for narcotics offenses. (See Attachment A) Thus, law enforcement had a legitimate basis to believe that what the informant said was true and reliable. Further, the informant knew what cocaine and marijuana looked like since he/she had purchased cocaine and marijuana previously. (See Attachment A) Many people have never seen marijuana and/or cocaine, thus could be easily confused as to whether a substance is actually marijuana and/or cocaine. However, this informant had actually purchased the substances, thus there is little question that what he/she saw was indeed cocaine. The informant had also purchased cocaine and marijuana at this particular residence several times. (See Attachment A) The defendant contends that because the affidavit does not outline the dates or circumstances surrounding these cocaine and

marijuana purchases, the affidavit is devoid of probable cause.  The government would agree with the Defendant if these purchases were the only facts establishing probable cause.  However, that is simply not the case.  There are ample other facts to establish probable cause.  The purchases made by the informant are simply one piece of the puzzle.  When combined with other facts in the affidavit, probable cause clearly exists.

The defendant next argues that the affidavit lacks sufficient information regarding the informant's reliability to establish probable cause.  The defendant attempts to support this proposition with *United States v. Foree*, 43 F3d. 1572 (11th Cir. 1995).  In *Foree*, the affidavit simply stated that "the CI has been found to be truthful and accurate in other narcotics trafficking intelligence provided to your affiant and other law enforcement officers." *Id*.  The *Foree* affidavit further stated that "the CI has not provided information found to be misleading or untruthful." *Id.* at 1575.  Because the affiant failed to inform the court whether the past information provided by the informant was important or incidental to investigation, or whether the information resulted in any search, arrest, or conviction, the court found that the affidavit contained no information upon which the magistrate could make an reliability judgement of the informant. *Id.*  In this case, unlike in *Foree*, the affiant apprized the court that the informant's past information had lead to "recovery of narcotics and the arrest of drug offenders," thus giving the judicial officer a means to evaluate the informant's reliability.

B. The Leon Good Faith Exception Applies in this Case

*United States v. Leon*, 468 U.S. 897 (1984), stands for the proposition that

4

courts should generally not render inadmissible evidence obtained by police officers acting in reasonable reliance upon a search warrant that is ultimately found to be unsupported by probable cause. This is often referred to as the *Leon* good faith exception. *Id.* Suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule. *Id.* The *Leon* Court reasoned that reasonable minds frequently differ on the question whether a particular search warrant affidavit establishes probable cause, and preference for warrants is most appropriately effectuated by according great deference to a magistrate's determination. *Id.* Further, the exclusionary rule is designed to deter police misconduct rather that to punish the errors of judges and magistrates. *Id.*

The Court in *Leon* established four exceptions to this good faith rule, to wit: 1. The issuing judge was misled by information in an affidavit that affiant knew was false or would have known was false except for his reckless disregard of the truth; 2. The issuing magistrate or judge wholly abandoned his judicial role; 3. The affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in it existence entirely unreasonable; and 4. The warrant is so facially deficient, i.e., in failing to particularize the place to be searched or things to be seized, that the executing officers cannot reasonably presume it to be valid. *Id.* In the case at bar, the defendant seems to argue that the good faith rule should not apply because the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in it existence entirely unreasonable. Contrary to the defendant's

contention, there is sufficient information contained in the affidavit to support a finding of probable cause.

As discussed above, the affidavit provides that officers obtained a confidential informant; this confidential informant had given information in the past; this informant's information had proven reliable and accurate in the past; and the past information given by the informant lead to arrests and recovery of narcotics. Further, the affidavit presents the basis of the informant's knowledge that there was cocaine at 508 Victoria Drive, Enterprise, Alabama by stating that the informant saw cocaine at this address in the last 24 hours. These facts alone support a finding of probable cause. However, the affidavit further states that the informant has purchased cocaine and marijuana from the location on several occasions and that another officer has received information within the last three weeks that large amounts of drugs were being kept at the residence. These facts taken together clearly justify the conclusion that evidence or contraband will probably be found at the premises to be searched. *See, Martin; quoting, United States v. Hove*, 848 F.2d 137, 140 (9th Cir. 1988).

Since the affidavit supports a finding of probable cause, the issuing judge's finding of probable cause is entirely reasonable and does not meet any of the exceptions to the good faith rule espoused in *Leon*.

WHEREFORE, the United States respectfully requests this Court deny Defendant's Motion to Suppress.

Respectfully submitted, this the 24th day of August, 2006.

                LEURA G. CANARY
                UNITED STATES ATTORNEY

                /s/ A. Clark Morris
                A. CLARK MORRIS
                Assistant United States Attorney
                One Court Square, Suite 201
                Montgomery, Alabama 36104
                Telephone: (334) 223-7280
                Fax: (334) 223-7135
                E-mail: clark.morris@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:06-cr-149-WKW |
| | ) | |
| TIMOTHY ALGERNON JOHNSON | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kevin Butler, Esq.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ A. Clark Morris
A. CLARK MORRIS
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: clark.morris@usdoj.gov